991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Doyle J. WILLIAMS, Appellant,
v.
William GOVERO; Fred Johnson; Paul Delo, Appellees.
 No. 92-3289.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 6, 1993.
Filed: April 9, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Doyle J. Williams, a Missouri inmate, appeals from the district court's[1] order granting defendants summary judgment in his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 In December 1991, Williams filed this section 1983 action against Captain William Govero, Caseworker Fred Johnson, and Warden Paul Delo, of the Potosi Correctional Center (PCC). He alleged, inter alia, that Delo had implemented a policy subjecting inmates to body searches both before and after they visited their attorneys or the prison courtroom. He alleged he had repeatedly been subjected to the body-search requirement. He alleged the policy was an exaggerated response, unsupported by legitimate security needs, and was designed to punish and harass inmates seeking to "petition the courts" or confer with their attorneys.
 
 
 3
 In January 1992, defendants moved to dismiss for failure to state a claim. Citing Bell v. Wolfish, 441 U.S. 520, 561 (1979), defendants argued the visual body searches are constitutional because they are rationally related to the nonpunitive governmental interest of insuring safety and security at PCC. They supported their motion with Delo's affidavit.
 
 
 4
 Williams responded to the motion, arguing that body searches conducted before contact visits are not reasonably related to legitimate penological interests. He argued that attorneys, who are officers of the court, present a lesser security risk, and that strip searches conducted after inmates visit court officers are constitutional only if there is probable cause to believe a particular officer has given an inmate contraband material.
 
 
 5
 After the district court stated it would treat defendants' motion to dismiss as a motion for summary judgment, Williams filed an additional response. The court then granted defendants summary judgment, ruling that reasonable visual body searches do not violate the Constitution. The court agreed with defendants that the body-search policy was reasonably related to the legitimate, neutral penological interests of preventing trafficking of contraband and protecting untrained civilians who are more susceptible to harm than prison personnel. The court also stated that Williams had not carried his burden of showing that the policy is an exaggerated or excessive means of enforcing security. Williams timely appealed.
 
 
 6
 We review a grant of summary judgment de novo and examine the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). The district court properly granted defendants summary judgment. Prison officials are entitled to wide-ranging deference for their policies designed to maintain institutional security. See Bell, 441 U.S. at 547. We have held that visual-body-cavity searches conducted before and after visits-even visits with attorneys-are reasonably related to the prison's legitimate interests in protecting individuals from attack and preventing inmates from smuggling contraband. See Goff v. Nix, 803 F.2d 358, 365-69 (8th Cir. 1986), cert. denied, 484 U.S. 835 (1987).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri